No. 23-10781

# United States Court of Appeals
# For the Fifth Circuit

HERMAN GREINSTEIN *et al.*,
*Plaintiffs-Appellees,*

v.

GRANITE SERVICES INTERNATIONAL, INC.;
FIELDCORE SERVICES SOLUTIONS, L.L.C.,
*Defendants-Appellants.*

On Appeal from the United States District Court for the
Northern District of Texas
Civ. A. No. 2:18-cv-00208
The Honorable Matthew J. Kacsmaryk Presiding

## PLAINTIFFS-APPELLEES' BRIEF

David M. Mathews
Andrew W. Dunlap
Richard M. Schreiber
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone: (713) 352-1100

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788

## COUNSEL FOR PLAINTIFFS-APPELLEES

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification of recusal:

| Defendants/Appellants | Counsel for Defendants/ Appellants |
|---|---|
| Current Defendant<br><br>1.  FieldCore Service Solutions, LLC<br><br>Former Defendant<br><br>2.  Granite Services International, Inc. | SEYFARTH SHAW LLP<br>Brett C. Bartlett<br>Kevin M. Young<br>Zheyao Li<br>Theresa M. Waugh<br><br>JONES DAY<br>Jacob (Yaakov) M. Roth<br>J. Benjamin Aguiñaga<br>Joshua T. Hoyt<br><br>UNDERWOOD LAW FIRM, P.C.<br>Kelly D. Utsinger<br>Autum L. Flores<br>Stephanie J. James |
| **Plaintiffs/Appellees** | **Counsel for Plaintiffs/ Appellees** |
| Current Plaintiffs<br><br>1.  Herman Greinstein<br>2.  Kathleen Cancienne<br>3.  Edwin Collazo<br>4.  Eric Farmer<br>5.  Antonio Flores<br>6.  Ray Hightower<br>7.  Jesse Jackson, Sr.<br>8.  Stephen Jones<br>9.  Calvin Oberndorfer<br>10. Adilson Quintela<br>11. Culton Speer<br>12. Matthew Starr | Michael A. Josephson<br>Andrew W. Dunlap<br>David M. Mathews<br>Richard M. Schreiber<br>JOSEPHSON DUNLAP, LLP<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>Tel: (713) 352-1100<br><br>Richard J. (Rex) Burch<br>BRUCKNER BURCH PLLC<br>11 Greenway Plaza, Suite 3025<br>Houston, Texas 77046<br>Tel: (713) 877-8788 |

| | |
|---|---|
| 13. Byron White<br>14. Altonia Williams<br><br>Former Plaintiff<br><br>1.   Edward Geers | MORGAN & MORGAN, P.A.; Andrew R. Frisch; C. Ryan Morgan<br><br>WOOD LAW FIRM, LLP; Channy F. Wood |

Respectfully Submitted,

By: */s/ David M. Mathews*
    **David M. Mathews**
    Texas State Bar No. 24058211
    **Andrew W. Dunlap**
    Texas State Bar No. 24078444
    **Richard M. Schreiber**
    Texas State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
dmathews@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

**Attorneys for Plaintiffs-Appellees**

## STATEMENT REGARDING ORAL ARGUMENT

This interlocutory appeal involves a narrow issue: What "guarantee" is required by 29 C.F.R. § 541.604?[1] The district court based its decision on the "narrowest legal grounds available." ROA.5565 n.2 (quoting *Korioth v. Brisco*, 523 F.2d 1271, 1275 (5th Cir. 1975)). It "[did] not address any issues beyond § 541.604 … because they are not necessary to the disposal of these Motions." ROA.5565 n.2. The court even cautioned the parties "not [to] impute[] a view on any other matters not explicitly addressed[.]" ROA.5565 n.2. Despite this warning, FieldCore's arguments spill over the proper bounds of this appeal.

In addition, and while Plaintiffs-Appellees certainly agree Defendants-Appellants failed the salary basis test, our analysis differs from that employed by the lower court. ROA.5565 n.1 (noting the disagreement). As FieldCore notes, the district court did not adopt either party's interpretation of the applicable regulations. Thus, Plaintiffs-Appellees agree oral argument would likely be helpful.

---

[1] Like the Supreme Court, we refer to 29 C.F.R. § 541.602 and § 541.604 "simply as" § 602 and § 604. *Helix Energy Sols. Grp., Inc. v. Hewitt,* 598 U.S. 39, 46 (2023) (*Helix II*)

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................................. i

STATEMENT REGARDING ORAL ARGUMENT ................................................. iii

TABLE OF CONTENTS ................................................. iv

TABLE OF AUTHORITIES ................................................. v

INTRODUCTION ................................................. 1

STATEMENT OF JURISDICTION ................................................. 6

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ................................................. 8

STATEMENT OF THE CASE ................................................. 8

STANDARD OF REVIEW ................................................. 12

SUMMARY OF THE ARGUMENT ................................................. 13

ARGUMENT ................................................. 15

A.    The district court didn't err by finding § 604 controls whether Plaintiffs were paid on a salary basis ................................................. 15

B.    If the district court's interpretation of "guarantee" is correct, this Court must affirm. ................................................. 18

C.    If the Court finds the lower court erred in interpreting the "guarantee" required by § 604(a), it should reverse the district court's holding that § 604(b) doesn't apply ................................................. 22

CONCLUSION ................................................. 25

CERTIFICATE OF SERVICE ................................................. 26

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. 32(A) ................................................. 27

# TABLE OF AUTHORITIES

Cases

*Barrentine v. Arkansas-Best Freight Sys., Inc.,*
  450 U.S. 728 (1981)................................................................. 22

*Bolton v. City of Dallas,*
  472 F.3d 261 (5th Cir.2006)................................................... 14

*Campos v. Steves & Sons, Inc.,*
  10 F.4th 515 (5th Cir. 2021)................................................... 13

*Caperci v. Rite Aid Corp.,*
  43 F. Supp. 2d 83 (D. Mass. 1999)........................................ 22

*Cardenas v. United of Omaha Life Ins. Co.,*
  731 F.3d 496 (5th Cir. 2013).................................................. 20

*Castellanos-Contreras v. Decatur Hotels, LLC,*
  622 F.3d 393 (5th Cir. 2010)...........................................7, 13, 14

*Diamond Roofing Co., Inc. v. Occupational Safety & Health Rev. Comm'n,*
  528 F.2d 645 (5th Cir. 1976)..............................................16, 20

*Ducre v. Executive Officers of Halter Marine, Inc.,*
  752 F.2d 976 ............................................................................. 7

*First Am. Bank v. First Am. Transp. Title Ins. Co.,*
  585 F.3d 833 (5th Cir.2009)................................................... 13

*Gentry v. Hamilton-Ryker IT Sols., L.L.C.,*
  No. 22-40219, 2023 WL 4704115 (5th Cir. July 24, 2023) ....... 25

*Greinstein v. Granite Servs. Int'l, Inc.,*
  No. 2:18-CV-208-Z-BR, 2023 WL 5167606 (N.D. Tex. June 28, 2023) ................... 6

*Havey v. Homebound Mortg., Inc.,*
  547 F.3d 158 (2d Cir. 2008) .............................................15, 21, 22

*Helix Energy Sols. Grp., Inc. v. Hewitt,*
  598 U.S. 39, 46 (2023) ......................................................passim

*Hewitt v. Helix Energy Sols. Grp., Inc.,*
  15 F.4th 289, 293(5th Cir. 2021) ......................................passim

*Holtzclaw v. DSC Commc'ns Corp.,*
  255 F.3d 254 (5th Cir. 2001) ................................................ 13

*Korioth v. Brisco,*
  523 F.2d 1271 (5th Cir. 1975)................................................. iii

*Kulish v. Rite Aid Corp.,*
  No. CIV.A. ELH-11-3178, 2012 WL 6532414, at *11 (D. Md. Dec. 13, 2012) ...... 22

*Martco Ltd. P'ship v. Wellons, Inc.,*
  588 F.3d 864 (5th Cir.2009)................................................... 13

v

*Savage SE Operations, LLC v. Wartsila N. Am., Inc.,*
  496 F. Supp. 3d 1051 (S.D. Tex. 2020) ...................................... 20
*Singer v. City of Waco, Tex.,*
  324 F.3d 813 (5th Cir. 2003) .................................................... 9
*Tanks v. Lockheed Martin Corp.,*
  417 F.3d 456 (5th Cir. 2005) .................................................. 13
*Trottier v. FieldCore Services Solutions, LLC et al.,*
  2022 WL 658765 (N.D. Tex. Mar. 4, 2022) ......................... 23, 24
*United States ex rel. Simoneaux v. E.I. duPont de Nemours & Co.,*
  843 F.3d 1033 (5th Cir. 2016) .................................................. 7
*United Sta,*
  *tes ex rel. Simoneaux v. E.I. duPont de Nemours & Co.*, 843 F.3d 1033 (5th Cir. 2016) .. 7
*United States v. Rayo–Valdez,*
  302 F.3d 314 (5th Cir.2002) .................................................... 20
*Yamaha Motor Corp., U.S.A. v. Calhoun,*
  516 U.S. 199 (1996) ................................................................ 7

## Statutes

28 U.S.C. § 1292(b) .................................................................. 7, 13
28 U.S.C. § 1331 ........................................................................ 6
29 U.S.C. § 202(a) ................................................................... 22
29 U.S.C. § 207(a) ..................................................................... 9

## Rules

FED. R. CIV. P. 56(c) ............................................................... 14

## Regulations

29 C.F.R. § 541.100(a)(1) ..................................................... 10, 17
29 C.F.R. § 541.118(b) .............................................................. 15
29 C.F.R. § 541.600 .................................................................. 24
29 C.F.R. § 541.602 .................................................... iii, 14, 20
29 C.F.R. § 541.602(a) .................................................. 10, 15, 17
29 C.F.R. § 541.603 .................................................................. 24
29 C.F.R. § 541.604 ........................................................... passim
29 C.F.R. § 541.604(a) ......................... 4, 5, 6, 15, 19, 21, 23
29 C.F.R. § 541.604(b) .................. 4, 5, 11, 15, 18, 23, 24, 25, 26

Other Authorities

Opinion Letter FLSA,
    2009-14, 2009 WL 649016 (Jan. 15, 2009)......................................................... 22
Opinion Letter FLSA,
    2018-25, 2018 WL 5921453 (Nov. 8, 2018).......................................................11, 25, 26

## **INTRODUCTION**

This is an FLSA overtime case. Plaintiffs say FieldCore misclassified them and failed to pay them overtime. FieldCore says Plaintiffs were exempt from overtime pay because they satisfied all the requirements for the administrative and/or professional exemptions. The lower court resolved this issue on narrow grounds, holding FieldCore failed to provide a "guarantee of at least the minimum weekly required amount paid on a salary basis." ROA.5781; ROA.5566.

FieldCore's pay plan isn't designed to pay Plaintiffs a true salary and "incentivize and reward [them] with 'extras'" if they work more than 40 hours in a week. FieldCore's Br. at 7; *see also id.*at 8, 38. "FieldCore's work is … cyclical—the demand for EHS specialists [like Plaintiffs] varies throughout the year." *Id.* at 9 (citing ROA.4625-27). "For those reasons, they do not necessarily work every week during the year." *Id.* (citing ROA.3170-71; ROA.3178-79; ROA.4626-27). FieldCore only assigns Plaintiffs work during the "peak seasons." ROA.4921-23, Abel Depo. at 33:15-35:14. During the "lulls," FieldCore does not assign Plaintiffs work and—as employees who are paid based on the time they work—Plaintiffs don't get paid. ROA.4921-23, Abel Depo. at 33:15-35:14.

When Plaintiffs are assigned work, they work a lot. In more than 75% of their workweeks, Plaintiffs worked more than 40 hours (and often far more). ROA.5150 at ¶ 12. But while Plaintiffs work long hours during "peak seasons," FieldCore doesn't

pay them overtime—it pays them the same hourly rate for each hour worked. ROA.4886-87. That's not payment on a salary basis.

"As a matter of common parlance, we typically associate the concept of 'salary' with the stability and security of a regular weekly, monthly, or annual pay structure." *Hewitt v. Helix Energy Sols. Grp., Inc.,* 15 F.4th 289, 291 (5th Cir. 2021), *aff'd,* 143 S. Ct. 677 (2023) (*Helix I*). "By contrast, we do not ordinarily think of daily or hourly wage earners—whose pay is subject to the vicissitudes of business needs and market conditions—as 'salaried' employees." *Id.* But that's exactly how FieldCore treats Appellees. It pays Plaintiffs when there is enough work and stops paying them when there isn't. As the Supreme Court put it: "[FieldCore] wishes *neither* to pay employees a true salary *nor* to pay them overtime." *Helix II,* 598 U.S. at 60. "And the whole point of the salary-basis requirement is to take that third option off the table, even though doing so may well increase costs." *Id.*

To be sure, FieldCore says Plaintiffs' pay included a "weekly salary" because it calculated out 40 times Plaintiffs' hourly rate and (sometimes) referred to that as their "salary." But because it is undisputed Plaintiffs *normally* worked more than 40 hours a week, ROA.5150 at ¶ 12, FieldCore's alleged "salary" covered less than Plaintiffs'

2

normal workweek. At best, FieldCore's so-called "salary" would have functioned as a guaranteed minimum number of hours' worth of pay.[2]

Moreover, there "are multiple components to the salary-basis test, as articulated in various Labor Department regulations." *Helix I,* 15 F.4th at 293. Section 602(a) applies to "weekly-rate-only" employees. *Helix II,* 598 U.S. at 57. Section 604 offers a different path—ones that doesn't overlap with § 602(a)—that applies when an employer (like FieldCore) divides up its employee's weekly salary such that only a portion is guaranteed and the remainder is contingent on the number of hours worked. *Helix II,* 598 U.S. at 55–56 (§ 604(b) permits an employer who provides "a guarantee of weekly payment approximating what the employee usually earns" to compute the "employee's earnings"—not base salary, but "earnings"—based on "hourly …rates" if there is a reasonable relationship between the guaranteed amount and the "actual earnings").

"Were § 602(a) also to cover ["minimum guarantee plus extra"] employees, it would subvert [§ 604's] **strict conditions** on when their pay counts as a 'salary.'" *Id.* at 56 (emphasis added). "[FieldCore's] argument to the contrary relies on carting [§ 604] off the stage." *Id.* But the Court's "duty is to interpret the text—not to ignore it." *Helix I,* 15 F.4th at 299. As the Supreme Court noted, § 604 (all of it) must be considered

---

[2] The parties put forth conflicting evidence on the issue of whether FieldCore violated § 602(a) by making improper deductions from Plaintiffs' "salaries." *See, e.g.,* ROA.4888-91; ROA.3238-3303; ROA.4976-83; ROA.5053-57; ROA.4920-22; ROA.237 ¶12. However, the lower court did not reach this issue because it determined § 604(a) applied and required a guarantee of pay more stringent than that required by § 602(a). ROA.5564-65. Thus, it never reached this issue (even tangentially). ROA.5565 n.2.

when interpreting § 602 because "the two provisions still **must** be read to complement each other." *Helix II*, 598 U.S. at 57.

The text of the regulations confirm: (1) § 604 applies to FieldCore's "minimum guarantee plus extras" pay plan, not § 602(a); and (2) § 604 requires FieldCore to "guarantee" a qualifying amount if Plaintiffs are to be exempt. 29 C.F.R. § 604(a)-(b). The district court found FieldCore didn't "guarantee" Plaintiffs' so-called "salaries" because their offer letters "explicitly state[] employees will not be paid in weeks they do not work." ROA.5566; ROA.3183 & ROA.3340-60. Per the district court: "That is not a guarantee." ROA.5566. Finding *Helix I* "made clear that 'guarantee' means 'guarantee[,]'" the court held FieldCore failed the salary basis test. ROA.5781.

To be clear, neither the Court's decision to apply § 604(a) nor its interpretation of § 604(a) was advanced by Plaintiffs. However, because the guarantee required by § 604(a) and § 604(b) is the same, FieldCore's exemption defenses fail regardless of whether § 604(a) or § 604(b) is applied if the lower court's decision is correct. 29 C.F.R. § 541.604(a)-(b). Thus, if the Court agrees with the lower court's analysis of the "guarantee" required by § 604(a), it should affirm.

If the Court disagrees, it should also reverse the district court holding that § 604(a), rather than § 604(b), applies. Amongst themselves, the parties agree there are "*two* ways to satisfy the salary-basis test—not *three* ways." FieldCore's Br. at 36. The two "non-overlapping paths to satisfy the salary-basis requirement" are § 602(a) and § 604(b), "with § 604(b) taking over where § 602(a) leaves off." *Helix II,* 598 U.S. at 56.

Nonetheless, the lower court found "Section 604(a) lays out yet another path." ROA.5782. And despite identical "guarantee" language in both § 604(a) and § 604(b), the lower court found § 604(b) "entails a two-prong test: (1) a 'minimum weekly guarantee'; and (2) a 'reasonable relationship' inquiry to ensure the weekly guarantee is not a charade[,]" but that "Section 604(a) … imposes only a minimum weekly guarantee[.]" ROA.5779; *see also,* 29 C.F.R. § 541.604(a)-(b). But equating compliance with the first step of § 604(b)'s two-prong test with compliance with what the lower court felt was § 604(a)'s *sole* prong would necessarily "cart[] § 604(b) off the stage." *Helix II,* 598 U.S. at 56. If the presence of the "minimum guarantee" in § 604(a) is all that is required to pass the salary basis test, then the minimum guarantee required by § 604(b) must also qualify as passing the salary basis test under § 604(a). *See* 29 C.F.R. § 541.604(a)-(b). **So when would the second step of § 604(b) ever apply?**

Of course, should FieldCore prevail on its argument that the "guarantee" required by § 604 is determined by the standards of § 602(a), the lower court will need to grapple with those issues. The parties disagree as to what it means to satisfy § 602(a) and sharply dispute whether FieldCore, as a factual matter, satisfied § 602(a)'s requirements. *Compare* ROA.3131-34 & ROA.5202-06 *with* ROA.4884-4900. FieldCore's Brief suggests the lower court found it complied with meet § 602(a). *See* FieldCore's Br. at 2 ("Both the magistrate judge and district judge agreed that Plaintiffs'

compensation complied with the general rule.") & 13. **That's just not true.** The lower court simply—and expressly—did not reach those issues. ROA.5565 n.2.[3]

This interlocutory appeal involves a decidedly narrow decision. The lower court framed the issue on appeal simply: "[D]oes 29 C.F.R. § 604(a) require a weekly guarantee even in weeks where no work is performed – like Section 604(b) — when the compensation scheme is a weekly minimum paid on salary basis plus extras?" ROA.5916; *see Greinstein v. Granite Servs. Int'l, Inc.*, No. 2:18-CV-208-Z-BR, 2023 WL 5167606, at *2 (N.D. Tex. June 28, 2023). If yes, this Court should affirm. If not, this Court should remand for the district to consider every other issue related to Appellants' exemption defense, including whether to apply § 604(b) or § 602(a) and whether, as a factual matter, FieldCore can meet the applicable standard.

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 1331 because this action arose under the FLSA. The district court denied FieldCore's motion for summary judgment but held FieldCore could not assert any FLSA exemption over Plaintiffs. *See*

---

[3] Appellants also pretend they are being punished for paying Appellees "too much" because, had they only paid Appellees their salary, "there is no question they would have remained exempt." First, there's no evidence Greinstein (or any other Plaintiff) would have accepted the position in the first place had Appellants offered significantly lower pay. Second, had Appellants simply "guaranteed" all of Appellees pay, instead of attempting to tie it to hours worked, it wouldn't be in this situation either. It's only because FieldCore attempted to pay less than Appellees actual, weekly earnings (a "true salary") and not pay them overtime that we're here. Regardless, Appellants' attempt to play the victim amounts to little more than arguing "had we done things differently, things would be different."

ROA.5569-70, 5776-83. "The practical effect of [the district court's order] is to prohibit [FieldCore] from arguing [Plaintiffs] were exempt employees at trial." ROA.5571 n.7. The district court certified that interlocutory order for appeal. ROA.5913-19. FieldCore timely petitioned for permission to appeal. ROA.5920-48. This Court granted the petition. ROA.5949-51. Thus, this Court has jurisdiction under 28 U.S.C. § 1292(b).

"Under § 1292(b), it is the order, not the question, that is appealable." *Castellanos-Contreras v. Decatur Hotels, LLC,* 622 F.3d 393, 398–99 (5th Cir. 2010) (collecting cases). "The court of appeals may not reach beyond the certified order to address other orders made in the case. But the appellate court may address any issue fairly included within the certified order..." *United States ex rel. Simoneaux v. E.I. duPont de Nemours & Co.,* 843 F.3d 1033, 1041 (5th Cir. 2016) (quoting *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)). "Thus, [this Court] may address all issues material to the order and is not limited to consideration of the 'controlling question.'" *Ducre v. Executive Officers of Halter Marine, Inc.,* 752 F.2d 976, 983 n. 16 (5th Cir.1985).

Here, the lower court's order is expressly limited to the application of § 604. ROA.5565 n.2. Its narrow order decided that § 604(a) provided "yet another path" to compliance with the salary basis test, that § 604(a) applied here, and required a guarantee of pay even in weeks where Plaintiffs did not work. ROA.5779; ROA.5782. Thus, Plaintiffs limit their arguments to the issues material to evaluating the lower court's order. *Simoneaux,* 843 F.3d at 1041; *Ducre,* 752 F.2d at 983 n. 16.

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

1.    Does the requirement that "the employment arrangement also include[] a guarantee of at least the minimum weekly-required amount paid on a salary basis" (in both § 604(a) and § 604(b)) mean the employee must be paid her salary every week she is ready, willing, and able to work even if she does not perform any work?

2.    If no, does § 604(b) apply to FieldCore's pay plan because Plaintiffs' "earnings" are calculated on an hourly basis?

**STATEMENT OF THE CASE**

Plaintiffs seek "to recover unpaid overtime wages and other damages owed under the [FLSA]." ROA.1587. "The FLSA generally requires an employer to pay overtime compensation (at a rate of one and one-half times the regular rate of pay) to an employee after the employee has worked over 40 hours in one week." *Singer v. City of Waco, Tex.,* 324 F.3d 813, 818 (5th Cir. 2003) (citing 29 U.S.C. § 207(a)).

Everyone agrees FieldCore's pay plan doesn't pay Plaintiffs time and a half for overtime hours. ROA.1631-32 ¶ 48; ROA.4927, Abel Depo. at 76:8-10. It paid Plaintiffs the same hourly rate for each hour worked. *See, e.g.,* ROA.4940-44; ROA.45-46; ROA.4919, Abel Depo. at 28:10-21; ROA.4974. FieldCore says it didn't have to pay Plaintiffs time and a half for overtime because they were "exempt from the overtime requirements of the FLSA pursuant to the executive, administrative, highly compensated employee, and/or combination exemptions." ROA.1637 (FieldCore's Fifth Affirmative Defense). But all FieldCore's claimed exemptions require it to prove

8

it paid Plaintiffs on a "salary basis." 29 C.F.R. §§ 541.100(a)(1) (executive); 541.200(a)(1) (administrative); 541.300(a)(1) (professional); 541.601(b)(1) (highly compensated).

FieldCore claims it did. ROA.3131-34. But, among other things, "the salary-basis test … is sharply contested in this case." *Helix I*, 15 F.4th at 291. "There are multiple components to the salary-basis test, as articulated in various Labor Department regulations." *Id.* at 293. "There is the '[g]eneral rule,' 29 C.F.R. § 541.602(a)—and then there are various exceptions and provisos to that general rule." *Id.* "To properly understand and apply the salary-basis test, we must examine not only the general rule, but also any exceptions or provisos that bear upon a particular fact pattern[.]" *Id.* FieldCore moved for summary judgment, telling the district court Plaintiffs were exempt under the "general rule"—§ 602(a). ROA.3131-34.

FieldCore says it paid Plaintiffs a "salary" for the first 40 hours they worked plus "straight-time pay as additional compensation for all hours worked over 40 in a week." *See* ROA.3183; ROA.4951-53, Bailey Depo. at 13:16-15:12; ROA.4962-65, Abel Depo. at 14:13-17:07. FieldCore's timesheets, paystubs, and other business records produced evidence FieldCore paid Plaintiffs on an hourly (not salary) basis. Plaintiffs' weekly pay varied based on the number of hours they worked. *See, e.g.,* ROA.4941, 4943 ("Reality is the Employee receives $48.00 for each hour worked."); ROA.4945-46; ROA.4919, Abel Depo. at 28:10-21; ROA.4974. Plaintiffs' earnings are computed on an hourly basis. *See, e.g.,* ROA.4940-44; ROA.4919, Abel Depo. at 28:10-21; ROA.4974. FieldCore even calculated the alleged salary it pays Plaintiffs by multiplying their hourly rate times

40 hours. ROA.4940-44; ROA.4945-46; ROA.4974; *see also* DOL Opinion Letter FLSA 2018-25, 2018 WL 5921453, at *1 (Nov. 8, 2018).

Supported by that evidence, Plaintiffs said § 604(b) should control because their **earnings** were calculated on an hourly basis. ROA.4897-99. Section 604(b) says Plaintiffs are only exempt if their "employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, **and** a reasonable relationship exists between the guaranteed amount and the amount actually earned." 29 C.F.R.§ 604(b) (emphasis added). The "weekly salary" FieldCore claims it guaranteed each week was not reasonably related to Plaintiffs' usual weekly earnings. ROA.5149-50 ¶¶ 9-11; ROA.5152-60, Reasonable Relationship Summary.

In fact, FieldCore never analyzed whether Plaintiffs' compensation is subject to the reasonable relationship test. ROA.4954, Bailey Depo. at 51:12-14; ROA.4968, Abel Depo. at 72:6-14; ROA.4924-25, Abel Depo. at 73:24-74:10. Nor did it analyze whether Plaintiffs' compensation satisfied the reasonable relationship test. ROA.4954, Bailey Depo. at 51:12-14; ROA.4968, Abel Depo. at 72:6-14; ROA.4924-25, Abel Depo. at 73:24-74:10. FieldCore knows that it fails the reasonable relationship test if the ratio of Plaintiffs' usual compensation to guaranteed compensation exceeds 1.5 to 1. ROA.4966-67, Abel Depo. at 24:15-25:3. Plaintiffs' presented evidence that their actual earnings regularly exceeded the legally permissible ratio of 1.5-to-1. ROA.5150 ¶ 11; ROA.5152-60, Reasonable Relationship Summary. FieldCore knows Plaintiffs'

compensation does not satisfy the reasonable relationship test. ROA.4968-70, Abel Depo. at 72:3-74:8. Despite evidence showing Plaintiffs' earnings were calculated on an hourly basis and FieldCore flunks the reasonable relationship test, the district court said Plaintiffs were "paid on a weekly basis," so § 604(b) doesn't apply. ROA.5565. Instead, the Court held § 604(a) created "yet another" way to comply with the salary basis test— one that only required a minimum guarantee (the same minimum guarantee required by § 604(b)). ROA.5782.

It also said § 602(a) is not applicable because it only applies to "weekly-rate-only" pay plans. ROA.5782-83 (citing *Helix II,* 598 U.S. at 56). FieldCore's pay plan is decidedly not a "weekly-rate-only" pay plan because Plaintiffs' offer "letters provide for additional compensation[.]" ROA.5782 (citing ROA.3183 & ROA.3340-60). "And like *Helix,* '[an additionally-compensated] employee like [Greinstein] is not paid on a salary basis under [Section 602(a)] of the Secretary's regulations." ROA.5783 (quoting *Helix II,* 598 U.S. at 61). Per the lower court, "He may qualify as paid on salary [basis] **only under** [Section 604(a)]." ROA.5783 (emphasis added). "That is, an employer can [provide additional compensation under Section 604(a)] and still satisfy the salary-basis test of Section 541.602—but only 'if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis." ROA.5781 (quoting *Helix I,* 15 F.4th at 293–94). The Court held that didn't happen here because Plaintiffs' offer letters "explicitly state[] employees will not be paid in weeks they do not work." ROA.5566; ROA.3183 & ROA.3340-60. "That is not a guarantee." ROA.5566. Thus,

FieldCore "did not meet [Section 604(a)]'s conditions[.]" ROA.5783 (quoting *Helix II,* 598 U.S. at 62). "So [Greinstein] was not exempt from the FLSA; instead, he was eligible under that statute for overtime pay." ROA.5783. "The practical effect of [the district court's order] is to prohibit [FieldCore] from arguing [Plaintiffs] were exempt employees at trial." ROA.5571 n.7.

After obtaining certification and permission under 28 U.S.C. § 1292, FieldCore appealed the interlocutory order. ROA.5913-50.

## STANDARD OF REVIEW

This Court reviews certified orders *de novo. Castellanos-Contreras*, 622 F.3d at 397 (citing *Tanks v. Lockheed Martin Corp.*, 417 F.3d 456, 461 (5th Cir. 2005)). "Under 28 U.S.C. § 1292(b), a grant or denial of summary judgment is reviewed de novo, applying the same standard as the district court[.]" *Id.* (citing *First Am. Bank v. First Am. Transp. Title Ins. Co.*, 585 F.3d 833, 836–37 (5th Cir.2009)). The Court "may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 520 (5th Cir. 2021) (quoting *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir. 2001)). But "the court's inquiry 'is limited to the summary judgment record before the trial court.'" *Castellanos-Contreras*, 622 F.3d at 397 (quoting *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 871 (5th Cir.2009)). "Summary judgment is appropriate where the competent summary judgment evidence demonstrates that there is no genuine issue of material

fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing *Bolton v. City of Dallas,* 472 F.3d 261, 263 (5th Cir.2006) & FED. R. CIV. P. 56(c)).

## SUMMARY OF THE ARGUMENT

Plaintiffs concede they did not advance the interpretation of § 604(a) adopted by the Court. While the The lower court believed it needed to "do nothing more than apply the plain text of the regulations" to affirm the district court's order. ROA.5782 (quoting *Helix I,* 15 F.4th at 293). The regulations at issue in this case are 29 C.F.R. § 541.602(a) and § 604. Section 602(a) is the "general rule." *See Helix I,* 15 F.4th at 293. It applies when employees are "paid on a flat salary with no additional compensation." ROA.5569; *see also Helix II,* 598 U.S. at 55-57. When, as here, employees are paid "extras" over and above their "flat salary," § 604 "tak[es] over where § 602(a) leaves off." *Helix II,* 598 U.S. at 56. And § 602(a) and § 604 "must be read to complement each other." *Id.* at 57.

According to FieldCore, § 602(a) controls § 604. It says § 602(a) defines "guaranteed" for the purposes of § 604. FieldCore's Br. at 2, 3, 16, 17, 20, 22, 24, & 29. The lower court found that defies the plain meaning of the regulations. In fairness, the Supreme Court held Section 602(a) address a traditional "salary" (i.e., a "flat salary"). *Helix II,* 598 U.S. at 51 ("§ 602(a) embodies the standard meaning of the word 'salary.'"). Further, the word "guarantee" is never mentioned in § 602(a). Instead, it says "[a]n employee will be considered to be paid on a 'salary basis' … if the employee **regularly receives** each pay period on a weekly, or less frequent basis, a predetermined amount

constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 602(a) (emphasis added).

And when an employer strays from a "flat salary," i.e., when the employee's weekly pay is tied to hours worked rather than "predetermined" based on a period of at least a week, there is a risk that employers will devise a compensation scheme "for the purpose of circumventing the requirement of payment 'on a salary basis'." *Havey v. Homebound Mortg., Inc.,* 547 F.3d 158, 161 (2d Cir. 2008) (citing 29 C.F.R § 541.118(b)[4]). An "employee is not paid on a 'salary basis' if the employee's usual weekly income calculated on an hourly basis far exceeds the 'salary' guarantee the employer provided[,]" because the "salary" is "*nothing more than an illusion.*" *Helix I*, 15 F.4th at 294 (cleaned up). To protect employees from that risk, § 604 "tak[es] over where § 602(a) leaves off," *Helix II,* 598 U.S. at 56, by requiring satisfaction of conditions—beyond those in § 602—to be considered paid on a salary basis. The lower court determined that one such condition is the requirement that a "salary" be "guaranteed." *See* ROA.5779 (citing 29 C.F.R. §§ 541.604(a) & (b)). That is, the "regulations 'require payment even when an employee does not work *only when the employer also provides additional compensation*' as is the case here." ROA.5782 (quoting ROA.5568).

---

[4] 29 C.F.R. § 541.118(b) is the predecessor of § 604.

FieldCore concedes, as it must, that it didn't "guarantee" Plaintiffs' salaries under this standard. FieldCore's Br. at 1. Plaintiffs offer letters "explicitly state[] employees will not be paid in weeks they do not work." ROA.5566; ROA.3183 & ROA.3340-60. "That is not a guarantee." ROA.5566. Judge Kacsmaryk found that holding otherwise would require (1) ignoring the plain meaning of the word "guarantee;" and (2) rendering the word "guarantee" superfluous in § 604. But "[y]ou cannot 'fairly' construe these regulations by simply reading those words out of the text." *Helix I,* 15 F.4th at 299 (Ho, J. concurring). "[The Court's] job is to follow the text[.]" *Id.* at 298. "If [it] follow[s] the plain text of the regulations, that should be the end of the story." *Id.* at 293.

If the lower court applied *Helix I*'s interpretation of the "guarantee" required by § 604 (whether in subsection a or b) correctly, the Court should affirm the district court's order. If not, the case should be returned for an analysis of whether § 604(b) applies, as well as a determination of whether the requirements of § 602(a) have been met.

## ARGUMENT

### A. The district court didn't err by finding § 604 controls whether Plaintiffs were paid on a salary basis.

The district court's supports it order by offering "a text-focused reading of the regulations[.]" ROA.5567. "A regulation should be construed to give effect to the natural and plain meaning of its words." *Diamond Roofing Co., Inc. v. Occupational Safety & Health Rev. Comm'n,* 528 F.2d 645, 649 (5th Cir. 1976). FieldCore insists "[t]he phrase

15

'salary basis' … is defined by § 602 [and] Section 604(a)'s promise of weekly payment 'paid on a salary basis' cross-references that definition." FieldCore's Br. at 22. The lower court might rightly respond that "if it sounds like [FieldCore] [is] actually inviting us to *ignore* text, it's because they are." *Helix I,* 15 F.4th at 299 (Ho., J., concurring). "But respect for text forbids us from ignoring text." *Id.* at 292.

Among other things, FieldCore must prove it paid Plaintiffs on a salary basis to avoid liability. 29 C.F.R. §§ 541.100(a)(1), 200(a)(1), 300(a)(1), & 601(b). "There are multiple components to the salary-basis test, as articulated in various Labor Department regulations." *Helix I,* 15 F.4th at 293. "There is the '[g]eneral rule,' 29 C.F.R. § 541.602(a)—and then there are various exceptions and provisos to that general rule." *Id.* "To properly understand and apply the salary-basis test, [the Court] must examine not only the general rule, but also any exceptions or provisos that bear upon a particular fact pattern[.]" *Id.* And the provisions "must be read to complement each other." *Helix II,* 598 U.S. at 57.

As the district court pointed out, the Supreme Court told us how the salary basis regulations should be read to complement each other. "Section 602(a) and Section 604(b) 'work[] in tandem' to 'offer non-overlapping paths to satisfy the salary-basis requirement, with Section 604(b) taking over where Section 602(a) leaves off' for daily-rate workers." ROA.5780 (quoting *Helix II,* 598 U.S. at 56). Per the lower court, "'Section 604(a) tak[es] over where Section 602(a) leaves off' for additionally-compensated workers." ROA.5780. FieldCore says that can't be true because "*Helix*

16

said there were *two* ways to satisfy the salary-basis test—not *three* ways." FieldCore's Br. at 36. Candidly, Plaintiffs agree there are only two paths—§602(a) and § 604(b)—for complying with the salary basis test. But since, as the district court noted, the guarantee language in § 604(a) and § 604(b) is the same, so it should not matter which is applied (assuming they are separate) for determining whether the "guarantee" has been met. ROA.5779.

Regardless, the Court must look at the "particular fact pattern" to determine which path applies. *See Helix I,* 15 F.4th at 293. Here, the district court said § 604(a)— not § 604(b)—applies because "Plaintiffs' offer letters promise 'a weekly salary' [calculated to equal 40 hours' pay] 'regardless of the number of hours worked in the week'" plus "additional compensation—'straight-time overtime.'" ROA.5782-83.[5]

Section 602(a) is the "general rule." *See Helix I,* 15 F.4th at 293. It applies when employees are "paid on a flat salary with no additional compensation." ROA.5569; *see also  Helix II,* 598 U.S. at 56 ("§ 602(a) is limited to weekly-rate employees") & 57 ("§

---

[5] Plaintiffs dispute the district court's finding that § 604(b) doesn't apply. Section 604(b) applies when the "employee's **earnings** [are] computed on an hourly … basis." 29 C.F.R. § 604(b) (emphasis added). Even if FieldCore called part of Plaintiffs' pay a "salary," it is beyond dispute that their weekly varied directly with the number of hours they worked (i.e. their "earnings are computed on an hourly basis"). *See* ROA.5148-5160. Plaintiffs "did not get a salary … because [their] weekly take-home [varied] … depending on how many [hours they] worked" of their normal workweek. *Helix II,* 598 U.S. at 54. Plaintiffs also disagree FieldCore should be considered to provide a "guarantee of at least the minimum weekly-required amount paid on a salary basis" simply because of the language in its offer letters, again, this does not matter for interpreting the "guarantee."

604(b) in fact confirms the plain-text, weekly-rate-only reading of § 602(a)"). Even under Appellants' view, Plaintiffs were not paid a "flat salary." ROA.5569; ROA.5782-83 (citing ROA.3183 & ROA.3340-60). In situations like this, where "additional… compensation was paid to Greinstein and the others…, § 541.604, and its minimum guarantee requirement, is the provision" that controls. ROA.5569. FieldCore doesn't dispute § 604 applies here. It wants the Court to ignore the "guarantee" § 604 requires that § 602(a) does not. *See* FieldCore's Br. at 22 & 24.

**B.    If the district court's interpretation of "guarantee" is correct, this Court must affirm.**

While Plaintiffs read of the law is admittedly different from that of the lower court, FieldCourt is wrong to suggest the lower court's decision is indefensible. FieldCore's Br. at 40. FieldCore says the purpose of § 604(a) is to "elaborate[] on how employers can pay extra compensation to employees who already presumptively *satisfy* the § 602(a) general rule." FieldCore's Br. at 8; *see also* FieldCore's Br. at 2, 19, 23, 36. In other words, FieldCore says § 604(a) "grant flexibility to employers to incentivize and reward exempt employees with 'extras.'" *Id.* at 7. But as with § 604(b), its certainly possible to read § 604(a) to "dictat[e] what conditions must be satisfied before [a minimum guarantee plus additional compensation] will be regarded as a 'salary.'" *Helix I,* 15 F.4th at 293; *see also Helix II,* 598 U.S. at 47. Section 604(a) says employers can pay "extra" "without losing the exemption" "if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis." 29

C.F.R. § 604(a). No "bizarre" mental gymnastics are required to read the "guarantee" as a condition that must be met if an employer wants to pay "extras" to its employees without losing an exemption.

Field Core disagrees. It says § 602 defines what it means for an employee's salary to be guaranteed in § 604. FieldCore's Br. at 2, 3, 16, 17, 20, 22, 24, & 29. But the lower court felt that would: (1) ignore the plain meaning of the word "guarantee" (which appears in § 604(a) but *not* § 602(a); and (2) render the word "guarantee" superfluous in § 604. And courts should "give meaning to all [a regulation's] words and to render none superfluous." *Cardenas v. United of Omaha Life Ins. Co.,* 731 F.3d 496, 501 (5th Cir. 2013) (quoting *United States v. Rayo–Valdez,* 302 F.3d 314, 318 (5th Cir.2002)).

In the district court's view, the magistrate's Findings, Conclusions, & Recommendation (FCR) "give[s] effect to the natural and plain meaning of" the text of the regulations. *Diamond Roofing,* 528 F.2d at 649. That's appropriate here because we're talking about the word "guarantee." And under the general-terms canon, "[g]eneral terms are to be given their general meaning." *Savage SE Operations, LLC v. Wartsila N. Am., Inc.,* 496 F. Supp. 3d 1051, 1060 (S.D. Tex. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law* 101–06 (West 2012)). Section 602 never mentions a "guarantee." *See* 29 C.F.R. § 602. If the DOL wanted to require a "guarantee" in the general rule, it could have and would have done so. Instead, § 602 only requires an employee "**regularly receive**" "a predetermined amount" "each pay period on a weekly, or less frequent basis." *Id.* at § 602(a) (emphasis added). "Regularly" means "on

19

a regular basis; at regular intervals." https://www.merriam-webster.com/dictionary/regularly (last visited January 7, 2024). That is different than § 604's requirement that "the employment arrangement **also include**[] a **guarantee**[.]" 29 C.F.R. § 604(a) (emphasis added). "Guarantee" means "an assurance for the fulfillment of a condition." https://www.merriam-webster.com/dictionary/guarantee (last visited January 7, 2024). Thus, at least arguably, the condition of a "guarantee" provides more protection to an employee than a mandate that the employee "regularly receive" a certain amount. And FieldCore does not address why the DOL would require "the employment arrangement also include[] a guarantee of at least the minimum weekly-required amount paid on a salary basis," unless the "guarantee" was a separate condition that must be satisfied or else the exemption is lost.[6]

Also, § 604 refers to the "employment arrangement" as opposed to merely the amount the employee "regularly receives." *Compare* 29 C.F.R. § 541.604(a) *with* 602(a). That distinction may be necessary because "minimum guarantee plus extras" plans of § 604 are necessarily more complex than "flat salary" plans of § 602(a). So the Department of Labor might reasonably add conditions—to protect the employee— since there is more opportunity for an employer to create a payment scheme with the "purpose of circumventing the requirement of payment on a salary basis." *Havey,* 547

---

[6] There is no indication in § 604 that the "guarantee" is without exception, *see* FieldCore's Br. at 38-40, only that it provides the employee with more protection than regularly receiving a predetermined amount as required in § 602.

F.3d at 161; *see also Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 739 (1981) ("The principal congressional purpose in enacting the [FLSA] was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'"), quoting 29 U.S.C. § 202(a). Courts and the DOL have long since considered whether pay plans were created in good faith or "for the purpose of circumventing the requirement of payment on a salary basis." *Havey,* 547 F.3d at 161.[7]

So there are at least some textual indications that § 604(a) requires a bona fide guarantee—more protective than that received by workers whose entire weekly pay is predetermined—to ensure employers, like FieldCore, aren't designing compensation plans to avoid the salary basis test. *See also Helix II,* 598 U.S. at 60 ("But that is just to say that Helix wishes *neither* to pay employees a true salary *nor* to pay them overtime. And the whole point of the salary-basis requirement is to take that third option off the table, even though doing so may well increase costs.").

---

[7] *See also,* DOL Opinion Letter FLSA 2009-14, 2009 WL 649016, at *1 (Jan. 15, 2009) (reducing a salary in conjunction with "a reduction in hours in the normal scheduled work week… is permissible if it is a bona fide reduction not designed to circumvent the salary basis requirement."); *Caperci v. Rite Aid Corp.,* 43 F. Supp. 2d 83, 96 n.12 (D. Mass. 1999) ("I do not mean to suggest that an employer may circumvent regulatory requirements through the payment of sham overtime."); *Kulish v. Rite Aid Corp.,* No. CIV.A. ELH-11-3178, 2012 WL 6532414, at *11 (D. Md. Dec. 13, 2012), *aff'd,* 538 F. App'x 263 (4th Cir. 2013) ("This language also targets schedule changes 'designed to circumvent the salary basis requirement.'").

The lower court also relied on *Helix I* to support its decision. ROA.5779. In *Helix I*, this court held the "minimum weekly guarantee" is a "condition" for exemption under § 604. *Helix I,* 15 F.4th 291 ("So a daily-rate worker can be exempt from overtime—but **only 'if' two conditions are met**: the minimum weekly guarantee condition and the reasonable relationship condition.") (emphasis added). Also, although *Helix I* focused on § 604(b), not § 604(a), the two don't oppose each other on this point. ROA.5779. Both provisions reference the requirement that employers provide employees with a minimum "guarantee" to avoid losing the exemption under § 604. *See* 29 C.F.R. §§ 604(a) & (b). Section 604(b) explains a reasonable relationship is required when the employee's earnings—in addition to the "guaranteed" amount—are calculated on an hourly, daily, or shift basis. *Id.* at § 604(b). But "both require a weekly guarantee." ROA.5779. So if the district court's interpretation of that "guarantee" is correct, FieldCore did not provide a bona fide guarantee regardless of whether § 604(a) or § 604(b) applies. ROA.5566; ROA.3183 & ROA.3340-60.

**C.    If the Court finds the lower court erred in interpreting the "guarantee" required by § 604(a), it should reverse the district court's holding that § 604(b) doesn't apply.**

If the district court correctly interpreted the "guarantee" required by § 604(a), this Court should affirm the district court's order regardless of its decision not to apply § 604(b). But if the Court disagrees, it should also reverse the district court's holding that § 604(b) doesn't apply. The district court said § 604(b) doesn't apply because FieldCore Plaintiffs "on a weekly basis." ROA.5565. It relied on its prior order in *Trottier*

22

*v. FieldCore Services Solutions, LLC et al.,* 2022 WL 658765, at *7-8 (N.D. Tex. Mar. 4, 2022).

Respectfully, the district court is wrong here (if not both times). In *Trottier*, the court incorrectly focused on *how often* an employee is paid instead of how his pay is *calculated. Trottier,* 2022 WL 658765, at *7 ("That is not the case here: Defendant pays Plaintiff weekly."). We know that view could not survive *Helix II. Helix II,* 598 U.S. at 53 (the salary basis test has nothing to do with "when or how often his employer actually doles out the money"). "Hourly" employees are not paid at the end of each hour. *Id.* "Piece rate" employees are not typically paid immediately upon the completion of each piece. *Id.* The question is what is the "basis" on which they are paid.

A weekly "basis" is not determined by reference to an amount. The amount of salary required is governed by the salary level test found in 29 C.F.R. § 541.600 (helpfully titled "Amount of Salary Required"). The salary basis test is about the *method* of payment. Is your normal pay calculated by reference to a period of a week or longer (i.e., on a "weekly, or less frequent *basis*") or is it calculated by reference to periods shorter than a week (such as hourly)? Again, helpfully, the supporting regulations explain what happens when there are "deductions" from the salary (29 C.F.R. § 541.603, Effect of improper deductions from salary) and when there are "additions" to the salary (29 C.F.R. § 541.604, Minimum guarantee plus extras).

Section 604(b) applies when "[a]n exempt employee's earnings [are] **computed** on an hourly, a daily or a shift basis[.]" 29 C.F.R. § 604(b) (emphasis added). Said

differently, the question is whether Plaintiffs' pay was *calculated* on an hourly basis, not *how often* Plaintiffs received their paychecks. And the evidence confirms Plaintiffs' pay was *calculated* on an hourly basis. ROA.4941, 4943 ("Reality is the Employee receives $48.00 for each hour worked."); ROA.4945-46; ROA.4919, Abel Depo. at 28:10-21; ROA.4974. They may have received a weekly paycheck, but their weekly pay varied directly with the number of hours worked. *See, e.g.,* ROA.4941, 4943; ROA.4945-46; ROA.4919, Abel Depo. at 28:10-21; ROA.4974. Even their "salary" was determined by their hourly rate times 40 hours. ROA.4940-44; ROA.4945-46; ROA.4974.

Thus, the lower court must grapple with the evidence showing Plaintiffs' earnings are computed on an hourly basis. *See, e.g.,* ROA.4940-44; ROA.4945-46; ROA.4919, Abel Depo. at 28:10-21; ROA.4974.

The Department of Labor agrees. In fact, it explained why pay plans like FieldCore's are subject to § 604(b)'s reasonable relationship test. *See* Brief of the Department of Labor as *Amicus Curiae* in *Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, No. 22-40219, 2023 WL 4704115 (5th Cir. July 24, 2023) (available here). And that position is hardly novel. The application of the reasonable relationship test, created under President George W. Bush, was confirmed under President Trump as well. *See* DOL Opinion Letter FLSA 2018-25, 2018 WL 5921453 at *1. In so doing, the DOL addressed "whether a guaranteed weekly salary for a professional employee has a 'reasonable relationship' with his or her 'usual earnings' for purposes of determining whether the employee is paid a salary under 29 C.F.R § 541.604(b)." *Id.* The employees

at issue received a "guaranteed weekly salary" of $2,100 derived by multiplying $70 by 30 hours, the minimum workweek, plus $70 for each additional hour worked over 30 hours. *Id.*

Assuming Plaintiffs in this case were guaranteed a salary at all, they were paid the same way. Each Plaintiffs' purported salary was derived by multiplying their hourly rate by 40 hours:

> **RETB exempt**
> **Weekly Salary** in any weeks where work is performed
> **$1920.00 based on $48.00hrX40 hours** a week = 99,840
> Reality is the Employee receives $48.00 for each hour worked. If the employee works 40 or less for that week, he still receives $1920.00 a week. If no hours are worked there is no pay for the week.

ROA.4941. And they would be paid that same hourly rate for all hours worked over 40. ROA.4940-44; ROA.4945-46; ROA.4919, Abel Depo. at 28:10-21; ROA.4974.

So the DOL has consistently applied the reasonable relationship test to a straight-time-for-overtime pay scheme just like the one at issue in this case. Thus, straight-time-for-overtime pay plans like FieldCore's must satisfy the reasonable relationship test or there is no exemption. *See* DOL Opinion Letter FLSA 2018-25, 2018 WL 5921453.

For these reasons, if the Court does not affirm under § 604(a), it should reverse the district court's holding that § 604(b) doesn't apply.

## **CONCLUSION**

For these reasons, the Court should affirm the district court's order or, alternatively, reverse the district court's holding that § 604(b) does not apply and remand for a full exposition of the issues.

Respectfully Submitted,

By: */s/ David M. Mathews*

    **David M. Mathews**
    Texas State Bar No. 24058211
    **Andrew W. Dunlap**
    Texas State Bar No. 24078444
    **Richard M. Schreiber**
    Texas State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
dmathews@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

**Attorneys for Plaintiffs-Appellees**

## CERTIFICATE OF SERVICE

I served this document on January 12, 2024, via the Court's CM/ECF System in accordance with the Federal Rules of Civil Procedure and/or Federal Rules of Appellate Procedure on all parties of record.

*/s/ David M. Mathews*
**David M. Mathews**

## <u>CERTIFICATE OF COMPLIANCE WITH FED. R. APP. 32(A)</u>

This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because the brief contains 6,686 words, excluding the parts of the brief exempted under FED. R. APP. P. 32(f). This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief is prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Garamond font, a Roman typeface.

*/s/ David M. Mathews*
**David M. Mathews**